IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL HAYNES,<br><br>    Plaintiff,<br><br>  v.<br><br>EMC MORTGAGE CORPORATION,<br>BEAR STEARNS, QUALITY LOAN<br>SERVICE CORPORATION, and<br>DOES 1 through 1000,<br><br>    Defendants.<br>                             / | No. C 10-00372 WHA<br><br>**ORDER GRANTING<br>PLAINTIFF'S MOTION<br>TO REMAND AND<br>DENYING MOTION<br>TO DISMISS AS MOOT** |

**INTRODUCTION**

This action present an interesting question of local law under California Civil Code Section 2932.5. Plaintiff seeks to represent a class of California residents. This order finds that CAFA removal is *not* appropriate and that remand is required under the so-called "local controversy" exception to CAFA removal.

**STATEMENT**

Plaintiff Nathaniel Haynes initiated this putative class action lawsuit against defendants EMC Mortgage Corporation, Bear Stearns, Quality Loan Service Corporation and Does 1–1000 for money damages and equitable relief in the Alameda County Superior Court. Defendants removed this action to federal court. Following the removal, defendants filed two motions to dismiss this action. Plaintiff seeks to remand this action back to state court.

1    Plaintiff alleges a claim for unfair, unlawful, or fraudulent business act or practice
2 pursuant to California Code of Business and Professions Section 17200 *et seq*., against all
3 defendants for failing to comply with California Civil Code Section 2932.5, and against
4 defendants EMC and Bear Stearns for collecting unlawful fees in connection with a foreclosure
5 proceeding.  Plaintiff further alleges a breach of contract claim against defendants Quality Loan
6 and Does 1–1000 and a claim for violation of California Consumer Remedies Act against all
7 defendants.
8    Facts of the cases are as follows.  In May 2006, plaintiff purchased a residence in
9 Oakland with a mortgage loan from EquiFirst Corporation, the lender.  The deed of trust
10 listed Placer Title Company as the trustee, and Mortgage Electronic Registration Systems, Inc.
11 ("MERS") as the beneficiary.  In January 2008, plaintiff stopped making payments on his
12 mortgage loan.  In April 2008, defendant Quality Loan Service Corporation, as an agent for
13 MERS, the beneficiary, issued plaintiff a notice of default and election to sell.  In May 2008,
14 MERS substituted defendant Quality Loan as the trustee on the deed of trust, replacing Placer
15 Title Company.  In August 2008, defendant Quality Loan recorded a notice of trustee's sale of
16 the property.  In November 2008, plaintiff's residence was sold at a trustee's sale.  The new
17 trustee's deed upon sale named defendant Quality Loan as the trustee and defendant EMC
18 Mortgage Corporation as the foreclosing beneficiary.
19    Plaintiff alleges that there is no public record of any transfer of property interest from
20 EquiFirst, the original lender, to defendants EMC, Bear Stearns, or any Doe defendants, in
21 violation of California Civil Code Section 2932.5.  Plaintiff also alleges that defendants EMC
22 and Bear Stearns directed defendant Quality Loan to initiate a trustee's sale, even though they
23 had not complied with Section 2932.5 and failed to record the assignment of the title.
24 Plaintiff alleges that defendant EMC had a policy of foreclosing on properties without recording
25 the assignment of the title of the property.  Plaintiff also alleges that defendant EMC collected
26 unlawful fees from him prior to and during the foreclosure process.
27    Plaintiff seeks to represent the following three classes:  (1) all persons who owned
28 residential real property in California, four years prior to the filing of this complaint to the

2

1 present, whose residences were subject to foreclosure by defendant EMC; (2) all persons who
2 owned residential real property in California, four years prior to the filing of the complaint to the
3 present, who were charged unlawful fees by defendant EMC before and during the foreclosure
4 process; and (3) all persons who owned real property in California four years prior to the filing
5 of this action to the present who had a trustee initiate foreclosure proceedings at the direction of
6 defendant EMC before determining whether defendant EMC had recorded a notice of
7 assignment.

**ANALYSIS**

Defendants removed this action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d)(2), and 28 U.S. C. 1441 *et seq*. Defendants' ground for removal is that federal courts have original jurisdiction over any class action lawsuit in which (1) any member of the class of plaintiffs is a citizen of a state different from any defendant, and (2) the matter in controversy exceeds the sum of value of five million dollars, exclusive of interest and costs. 28 U.S.C. 1332(d)(2).

Plaintiff seeks to remand to state court on the following grounds: (1) defendants have not met their burden of showing that the amount in controversy exceeds five million dollars; and (2) the local controversy exception to CAFA applies to this action.

Plaintiff is a citizen of California. Defendant EMC is a corporation incorporated in Delaware with its principal place of business in Texas. Defendant Bear Stearns was incorporated in Delaware, and its principal place of business is New York. Defendant Quality Loan is a citizen of California. Thus, defendants must prove that the matter in controversy exceeds five million dollars to successfully remove this action to federal court, and plaintiff must prove that the local controversy exception to CAFA applies in this action to remand.

**1.   AMOUNT IN CONTROVERSY.**

When the complaint does not allege the amount of damages sought, the removing defendant must allege and prove that the amount in controversy exceeds five million dollars. *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992) (the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal). The burden is on the removing

3

defendant to prove the amount in controversy by a preponderance of the evidence. *See Abrego Abrego v. The Dow Chemical Co., et al.*, 443 F.3d 676, 683 (9th Cir. 2006).

Plaintiff argues that defendants fail to offer any facts to support their assertions that the amount in controversy exceeds five million dollars. Plaintiff points out that he did not explicitly include a specific amount of damages in the complaint. But defendants need not provide evidence relevant to the amount in controversy because plaintiff did, in fact, allege an amount in controversy exceeding five million dollars, albeit indirectly.

Plaintiff alleges that:

> [d]efendant EMC . . . exercised the power of sale for residential homes owned by many thousands of California residents without having duly acknowledged and recorded the assignment of the beneficial interest. . . pursuant to California Civil Code § 2932.5.
>
> \*          \*          \*
>
> [d]efendant EMC assessed and collected fees from thousands of California residents that were either not permitted under their mortgage contracts or by law.
>
> \*          \*          \*
>
> [p]laintiff and the Class members are entitled to injunctive relief and equitable relief in the form of restitution of their homestead rights, all money they had paid towards such property, or alternatively, full restitution of all monies wrongfully acquired by Defendant by means of any such unlawful and unfair business practices.

(Compl. ¶¶ 32, 38, 54). Plaintiff seeks to represent thousands of California citizens in this purported action and requests homestead rights. California Civil Code of Procedure Section 704.730 provides that the homestead exemption in California ranges from $75,000 to $175,000. Thousands of putative class members seeking homestead rights in California puts the amount in controversy well north of five million dollars. Thus, defendants have met their burden to show that the amount in controversy exceeds five million dollars.

### 2. LOCAL CONTROVERSY EXCEPTION.

Plaintiff contends that even if the amount in controversy exceeds five million dollars, federal jurisdiction does not attach because the local controversy exception to CAFA applies to

4

the instant action. *See* 28 U.S.C. 1332(d)(4)(A). Under the local controversy exception, a district court shall decline to exercise jurisdiction:

> (A)(i)  over a class action in which—
>
>> (i)  greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>>
>> (II)  at least 1 defendant is a defendant—
>>
>>> (aa)  from whom significant relief is sought by members of the plaintiff class;
>>>
>>> (bb)  whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>>
>>> (cc)  who is a citizen of the State in which the action was originally filed; and
>>
>> (III)  principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii)  during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. 1332(d)(4)(A). Plaintiff has the burden of proving that the local controversy exception applies, and this order finds that plaintiff has successfully carried his burden of proving each element, therefore, remand is appropriate.

### A. California Citizens.

By definition of proposed classes, it is clear that greater than two-thirds of the member of all proposed plaintiff classes are California citizens. Plaintiff has carried his burden of proof on this element.

### B. Significant Defendant.

Turning to the second element, plaintiff asserts that defendant Quality Loan is a citizen of California because it is incorporated in and retains a principal place of business in California (Winchester Decl. Exh. 1). Plaintiff further asserts that he seeks significant relief from defendant Quality Loan and that Quality Loan's conduct was significant in causing injury because Quality

5

Loan is only one of only three named defendants and plaintiff has alleged four claims against the entity. Defendant concedes that defendant Quality Loan is a California citizen.

Defendants argue, however, that plaintiff fails to meet his burden of proof that defendant Quality Loan is a defendant from whom significant relief is sought and whose conduct formed a significant basis for the claims. Defendants argue that plaintiff seeks relief predominantly from defendant EMC, and it is defendant EMC whose conduct is the central issue in this case; thus, defendant Quality Loan is a peripheral defendant whose conduct was not significant nor from whom plaintiff seeks significant relief.

The statute does not expressly define what constitutes significant relief. Although the Ninth Circuit has not yet discussed the meaning of "significant relief" and "significant basis" as used in CAFA, the Third and Eleventh Circuits have held that these provisions require a comparison between the local defendant's significance and the significance of all the defendants. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009) ("[I]f the local defendant's alleged conduct is a significant part of the alleged conduct of all the Defendants, then the significant basis provision is satisfied."); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159 (11th Cir. 2006) (analyzing comparative significance of relief sought against local defendant relative to relief sought from co-defendants). Thus, rather than look to whether the relief or conduct of the local defendant is significant in an absolute sense, a court must undertake "a substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants." *Kaufman*, 561 F.3d at 156.

Defendant Quality Loan is one of three named defendants, and has four claims alleged against the entity: (1) two claims for unfair, unlawful, or fraudulent business act or practice pursuant to California Code of Business and Professions Section 17200 *et seq.*, for failing to comply with California Civil Code Section 2932.5; (2) a breach of contract claim; and (3) a claim for violation of California Consumer Remedies Act. Claims against defendant Quality Loan cannot be said to be peripheral to this action. The central claim against defendant Quality Loan is that it allegedly improperly foreclosed upon plaintiff's residence, following directions from defendant EMC. Defendant Quality Loan's conduct is so deeply intertwined with that of

6

1  defendant EMC that it cannot be disregarded as a significant defendant. *See Kaufman*, 561 F.3d
2  at 157.
3       Defendants rely on *Kearns v. Ford Motor Co.*, 2005 WL 3967998 (C.D.Cal. 2005), to
4  support their position. However, *Kearns* is factually distinguishable from this instant action.
5  The plaintiff in *Kearns* brought a putative class action lawsuit against Ford, a California Ford
6  dealership, and doe defendants for misrepresenting Ford certified pre-owned vehicles. *Ibid.*
7  The court in *Kearns* found that the local Ford dealership was not a defendant from whom
8  significant relief was sought because the local dealership only sold cars to a fraction of the class.
9  *Id.* at *10. In *Kearns*, it was clearly established that the local Ford dealership was involved in
10 only a small percentage of car sales to class members. Here, defendant Quality Loan may have
11 served as the trustee to all or a majority of the mortgage loans where defendant EMC was named
12 as the foreclosing beneficiary.
13      Defendants further contend that proposed class definition does not even mention
14 defendant Quality Loan, but focuses on the conduct by defendant EMC — thus, defendant
15 Quality Loan's conduct did not form a significant basis for the alleged claims. Defendants'
16 argument fails on this point as it is clear that defendant Quality Loan's conduct is intertwined
17 with the conduct by defendant EMC; thus, even though defendant Quality Loan is not explicitly
18 named in the proposed class definition, it is clear that defendant Quality Loan is significantly
19 implicated. Accordingly, plaintiff has met his burden in proving that defendant Quality Loan
20 is a significant local defendant.

21              **C.      Place of Injury.**

22      The alleged wrongful foreclosures in the complaint all occurred in California.
23 Thus, plaintiff has carried his burden of proof as to this element.

24              **D.      No Other Similar Class Action.**

25      Plaintiff has carried his burden on proving the fourth element — that no other class
26 action has been filed asserting the same or similar factual allegations against any of the
27 defendants during the three-year period preceding the filing of this instant action. Plaintiff's
28 counsel states that he has identified no other similar class action filed in the past three-year

7

period asserting the same or similar factual allegations against any of the defendants. In opposition, defendants assert that there is at least one similar purported class action, which was originally filed in the District of Nevada in 2009 and transferred to the District of Arizona pursuant to the transfer order of the United States Judicial Panel on Multidistrict Litigation to *In RE: Mortgage Electronic Registration Systems (MERS) Litigation*. Defendants cite *Dalton, et al., v. Citimortgage, Inc., et al.*, Case No. 09-00534, which challenges the validity of nonjudicial foreclosure against defendants EMC and Quality Loan. *Dalton* specifically challenges the formation and the operation of MERS system, an electronic mortgage registration system that tracks beneficial ownership interests in mortgage loans.

Plaintiff argues that this instant action does not challenge the conduct of MERS; rather the factual allegations at issue is that defendants failed to comply with a specific California statute, unique to California, regarding recording of assignment of beneficial interest in mortgages. While some of the larger policy issues raised in *Dalton* are also raised here, the factual allegations are not sufficiently similar enough to determine that these cases assert the same or similar factual allegations. Plaintiff has met his burden on this element. Accordingly, the local controversy exception to CAFA does apply to this action.

This is a classic issue of California state law that California state courts would be the best suited to decide. That is not a reason in and of itself to find remand appropriate, but if there was ever a local controversy, then this would be it.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand this action is **GRANTED.** The motion to dismiss is deemed as moot without prejudice to renewal by way of demurrer on remand.

**IT IS SO ORDERED.**

Dated: April 12, 2010

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8